IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


TROY LOFTON                                                                    PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 1:08cv1008WJG-JMR

PHILLIPS 66 COMPANY, *ET AL.*                                        DEFENDANTS


<u>MEMORANDUM OPINION</u>

        THIS CAUSE comes before the Court on motion [7] of the Plaintiff, Troy Lofton,  to

remand the above referenced action to the Circuit Court of Jones County, Mississippi.  The Court

has duly considered the record in this action in addition to the briefs of counsel and being fully

advised in the premises, concludes as follows.

        This suit was filed on or about March 6, 2006, seeking damages for alleged injuries

caused by exposure to asbestos containing products.  (Ct. R., Doc. 1, p. 5.)  Plaintiff's claims are

based on Mississippi common law causes of action including negligence; willful and/or negligent

infliction of emotional distress; strict liability in tort; and product liability, which includes a

claim for failure to warn.  (Ct. R., Doc. 1-2, pp. 5-8.)  The case was originally filed in 2004, and

was part of multi-plaintiff litigation which was severed, transferred or dismissed without

prejudice in Mississippi state court actions. (Ct. R., Doc. 1, p. 5, n. 9.)

         According to the Defendants, the only "proper" defendants remaining in this case are

Union Carbide Corporation [Union Carbide], ConocoPhillips Company [Conoco Phillips], and

Montello, Inc. [Montello].  (*Id.*, p. 5.)  Defendants claim that Mississippi Mud, Inc., [Mississippi

Mud] and Oilfield Service and Supply Company, Inc., [Oilfiled Service], were added as

defendants to defeat jurisdiction in this case.  (Ct. R., Doc. 1, p. 7; Doc. 10, pp. 6-7.)  Defendants argue that because Mississippi Mud was a sham defendant, Plaintiff deprived Defendants of their right to removal, and should provide for the waiver of the one-year limit of 28 U.S.C. § 1446(b) on removals.  (Ct. R., Doc. 10, pp. 8, 10.)

Defendants maintain that the removal was timely, because Oilfield Service filed a motion for summary judgment which establishes, according to the removing defendants, that Oilfield Service was not a mud company and never supplied asbestos-drilling mud additives to drilling rig operations.  (*Id.*, p. 6.)  Defendants claim that the one-year limitation on removals should be tolled because of the Plaintiff's conduct.  (*Id.*, p. 18.)  Defendants contend that Plaintiff had no intention of pursuing claims against either Mississippi Mud or Oilfield Service as evidenced by the fact that no effort was made to serve process on Mississippi Mud and Plaintiff's failure to amend to add the proper party to the suit instead of Mississippi Mud.  (*Id.*, pp. 18-22.) They contend that Plaintiff failed to prosecute the case against Oilfield Service by not requiring that entity to respond to written discovery requests, or production of documents.  (*Id.*) Defendants also contend that Plaintiff never took the deposition of Oilfield Service or developed testimony from any witnesses who were deposed regarding Oilfield Service.  (*Id.*, pp. 14-15.)

Defendants allege that no recovery against Mississippi Mud can be had because Mississippi Mud never supplied asbestos in any form for use as an additive for the drilling industry.  As a result, Mississippi Mud was dismissed as a defendant in this case on March 13, 2008.  (Ct. R., Doc. 3-3, pp. 40, 49.)  Defendants further assert that Oilfield Service  filed a motion for summary judgment in this case in which it contends that it never delivered asbestos to drilling rigs.  (Ct. R., Doc. 1, p. 10.)  Defendants state that Oilfield Service was improperly

joined in this case and its citizenship should be disregarded for jurisdictional purposes.  (*Id*., p. 11.)

Defendants claim that the other paper allowing the removal of this case was the motion for summary judgment.  (*Id*.)  The 30-day limit was met, according to Defendants, because the summary judgment motion was filed September 4, 2008, and the removal notice was filed on September 25, 2008.  (*Id*.)  Plaintiff identified Oilfield Service as a distributor of asbestos drilling mud additives in his deposition dated December 7, 2007.  (Ct. R., Doc. 7, p. 13, Doc. 7-8, p. 41. )  Plaintiff contends that this evidences that he did develop testimony concerning Oilfield Service's potential liability in this case.  (Ct. R., Doc. 7, p. 13.)

Plaintiff  further contends that no manipulative action was taken on his part to ensure that Defendants could not remove the case until beyond the one-year limitation period under the statute.  (Ct. R., Doc. 13, p. 1.)  Plaintiff argues that the fraudulent and manipulative conduct by him must have occurred during the first year of removability to allow for the removal of a case beyond the one-year time limitation.  (*Id*., p. 6.)  Plaintiff further argues that there was no "other paper" creating the removability of this case filed within 30 days of the removal in this case.  (*Id*., p. 11.)

<u>Discussion</u>

Under 28 U.S.C. § 1441(a) "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Defendants assert that the Mississippi defendants in this case were fraudulently joined to defeat diversity jurisdiction and in an attempt to manipulate the forum in

this case.  (Ct. R., Doc. 1, pp. 1, 6-11.)  To establish that non-diverse defendants were

fraudulently joined to defeat diversity, the removing party must demonstrate either:  "(1) actual

fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of

action against the non-diverse party in state court."  *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir.

2003).

 A removing defendant bears a heavy burden of proving fraudulent joinder by clear and

convincing evidence.  *Blackwell v. Metropolitan Life Ins. Co.*, 190 F. Supp. 2d 911, 914 (S.D.

Miss. 2001).  To successfully prove a non-diverse defendant has been fraudulently joined, the

removing party must demonstrate that there is no reasonable possibility that the plaintiff will be

able to establish a cause of action against the in-state defendant in state court.  *Great Plains Trust*

*Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002).  In conducting this

inquiry, the district court "must also take into account all unchallenged factual allegations,

including those alleged in the complaint, in the light most favorable to the plaintiff".  *Travis,* 326

F.3d at 649; *Culpepper v. Double R, Inc.*, 269 F. Supp.2d 739, 741 (S.D. Miss. 2003).  In

addition, the court must resolve all ambiguities of state law in favor of remand.  *See Acuna v.*

*Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

 The timeliness of removal in a civil case is governed by section

1446(b), which provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty
> days after the receipt by the defendant, through service or otherwise, of a copy of
> the initial pleading setting forth the claim for relief upon which such action or
> proceeding is based, or within thirty days after the service of summons upon the
> defendant if such initial pleading has then been filed in court and is not required to
> be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may

be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b).

"Other paper" for the purposes of section 1446(b) may include correspondence between the parties and their counsel or between counsel for the parties. *Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000).  Also, "other paper" "must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction." *Addo*, 230 F.3d at 762.  A defendant is charged with diligence in seeking removal to trigger the equitable tolling provisions of the statute.  *Tedford v. Warner-Lambert, Co.*, 327 F.3d 423, 428 (5th Cir. 2003).

Here, Defendants claim that the removal of the case is proper based on a motion for summary judgment filed in September 2008.  (Ct. R., Doc. 1, p. 11.)  Based on the information before the Court, however, it appears that as of the status conference on June 27, 2008, and shortly following Plaintiff's deposition dated December 7, 2007, the parties were aware of the removability of this case, based on their claims that a cause of action against Oilfield Service is not viable.  The Court will not determine the viability of the claims advanced against Oilfield Service.  Defendants have not presented any argument or evidence to show why this case was not removed on the basis of federal question jurisdiction within the thirty-day period of limitations as prescribed by 28 U.S.C. § 1446(b), when it is most likely when Defendants were aware of the alleged lack of basis for claims against the Mississippi defendants following the aforementioned dates.

Although Defendants argue that this case became removable on the basis of fraudulent joinder on September 8, 2008, when the motion for summary judgment was filed, the factual basis for removal should have been clear by June 2008, when Plaintiff's deposition was taken. Instead, the Defendants waited nearly three months before filing the Notice of Removal, creating a burden on both on the Plaintiff and on the state court, not to mention the resources of this Court.

While the time limitation for removal is not jurisdictional, and, therefore, may be waived, failure to petition for removal within thirty days may render removal improvident within the meaning of 28 U.S.C. § 1447(c).  Although Defendants in this case claim that Plaintiff included certain in-state defendants in an effort to defeat federal jurisdiction, the fact remains that that this case remained viable against the in-state defendants up until the close of discovery in this case, and it was not until one of those defendants filed a motion for summary judgment that Defendants removed the case.  Under these circumstances,  the Court finds that there is no equitable reason to estop Plaintiffs from relying on section 1446(b) to assert the untimeliness of removal in this case.  Further, the Court finds no evidence that Plaintiff joined the resident defendants without intending to prosecute claims against those defendants, or solely for the purpose of defeating federal jurisdiction.  *See Davis v. Merck & Co.*, 357 F. Supp. 2d 974 (E.D. Tex. 2005).  Plaintiffs engaged in discovery and attempted to prosecute their case against the resident defendant up until the time of removal of this case.  Accordingly, in the absence of any inequitable conduct on the part of Plaintiff in this case, the Court finds that the motion to remand should be granted.  Finally, the Court finds nothing within the motion to merit an award of fees

to either party as a result of the removal.  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000).

<u>Conclusion</u>

For the aforementioned reasons, the Court finds that Plaintiff's motion [7] to remand this case to the Circuit Court of Jones County, Mississippi, should be granted.  A separate Order in conformity with and incorporating by reference the foregoing Memorandum Opinion shall issue this date.  Each party shall bear its respective costs in connection with this motion.

THIS the 3rd day of November, 2008.


_____
*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE